# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

v.                          **CASE NO. 4:19-CR-00633-BSM**

**OC RAWLS**
**Reg. No. 23632-009**                                                                **DEFENDANT**

## ORDER

OC Rawls's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 [Doc. No. 213] is denied.

## I. BACKGROUND

Rawls was sentenced to 420 months imprisonment and ten years of supervised release after a jury found him guilty of conspiracy to possess with intent to distribute cocaine and distribution of cocaine. Doc. Nos. 147 and 171. The Eighth Circuit affirmed his conviction. Doc. No. 208. Rawls is now moving to vacate his sentence under 28 U.S.C. section 2255, claiming ineffective assistance of counsel and prosecutorial misconduct. Doc. No. 213; *see also* Supp. to Mot. (Supp.), Doc. No. 217.

## II. LEGAL STANDARD

A prisoner in federal custody for a federal sentence may petition the sentencing court to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence was in excess of the statutory maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief is reserved

for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Ineffective assistance of counsel claims are governed by the performance and prejudice standards articulated by *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on his claim, Rawls must show that his lawyer's performance was deficient and that such deficient performance prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted). Ineffective assistance of counsel claims are very difficult to prove. *Id.*

## III. DISCUSSION

### A.   Ineffective Assistance of Counsel

Rawls's eighteen arguments in support of his ineffective assistance of counsel claim are denied for the following reasons.

#### 1. Failure to File Motions to Suppress

Rawls argues that his lawyer was ineffective because he failed to move to suppress evidence. This argument is denied because the evidence at issue was recovered as a result of a search warrant and nothing in the record indicates that counsel would have succeeded on a motion to suppress or that the outcome of the trial would have changed if the motion was filed. *See Redd v. United States*, No. 4:08-CV-1459 CAS, 2010 WL 840810 at *3 (E.D. Mo. March 11, 2010) (even a complete failure to move to suppress is not per se ineffective assistance that dispenses with the need to demonstrate actual prejudice) (referencing

*Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986)); *Iron Wing v. United States*, 34 F.3d 662, 665 (8th Cir. 1994) (upholding district court's denial of ineffective assistance claim for failure to move to suppress when it found defendant would have lost the motion and the government could present testimony about the incriminating evidence without the evidence itself).

Rawls's argument that his lawyer was ineffective for failing to move to suppress the Title III Wiretap interceptions is denied for the same reasons.

### 2. Failure to Challenge Inconsistent Testimony of Government Witnesses

Rawls's argument that his lawyer should have challenged the witnesses' inconsistent testimony is denied because it is not supported by the record and it is too vague. *See Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001). Further, Rawls's argument that his lawyer failed to cross-examine government witnesses to expose their possible biases is denied because it is contradicted by the record. Rawls's lawyer extensively cross-examined Shonquelous Burnett and Monty Cooney to expose their biases and to impeach their credibility. *See* Trial Tr. 52–58, Doc. No. 182; Trial Tr. 175–179, Doc. No. 183.

### 3. Failure to Challenge Authenticity of Evidence

Rawls's argument that his lawyer was ineffective for failing to move to authenticate under Federal Rule of Civil Procedure 901 is rejected because he does not state what evidence needed authentication. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations do not state a claim for 28 U.S.C. 2255 claims).

3

*4. Failure to Use Expert Testimony*

Rawls's argument that his lawyer was ineffective for failing to hire experts to testify on his behalf is rejected because he has made "no showing of what . . . witnesses were available, how they would have testified, and why such additional evidence would have likely affected the result" of the trial. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998); *see also Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010) (claims based on the failure to call experts require evidence requires some proof of what the expert would have stated) (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)).

*5. Failure to Investigate*

Rawls's argument that his lawyer was ineffective for failing to investigate is denied because he fails to show what matters should have been investigated, what evidence would have been uncovered, and how that evidence would have changed the outcome of the trial.

*6. Failure to File Pre-Trial Motions*

Rawls's argument that his lawyer should have moved to exclude the testimony of his co-defendants and coconspirators is denied because there is no basis for excluding these witnesses. First, Rawls's claim that his lawyer should have moved to compel the government to provide notice of its intent to offer statements of his unindicted coconspirators and co-defendants is rejected because he has failed to show that such a motion was warranted or that it would have impacted the outcome of his trial. Second, Rawls's claim that his lawyer should have moved to exclude incriminating statements by his non-testifying co-defendant, Kevion L. Littlejohn, under *Bruton v. United States*, 391 U.S. 123 (1968), is rejected because

4

"*Bruton* . . . does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy." *United States v. Avila Vargas*, 570 F.3d 1004, 1008 (8th Cir. 2009); *see also United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (statements of coconspirators are not testimonial for Confrontation Clause purposes if made in furtherance of the conspiracy) (citing *United States v. Reyes*, 362 F.3d 536, 541 (8th Cir. 2004)). Third, Rawls's argument that his lawyer was ineffective for failing to file any pre-trial motions is rejected because Rawls has not shown which motions should have been filed or that any such motions would have affected the outcome of the trial.

## 7. Failure to File Motion for Judgment of Acquittal

Rawls's argument that his lawyer should have moved for judgment of acquittal is rejected because he cannot show that the failure to do so was an unreasonable strategic decision or that it affected the outcome of the trial. *See Simmons v. United States*, No. 4:11-CV-01983 ERW, 2012 WL 5258774 at *5–7 (E.D. Mo. Oct. 24, 2012) (finding lawyer's failure to file a motion for judgment of acquittal was a strategic decision that was not to be questioned absent evidence of unreasonable conduct or prejudice to the defendant).

## 8. Failure to Poll the Jury

Rawls argues that his lawyer was ineffective for failing to request a jury poll after a juror expressed that she did not believe the government had proved its case against Rawls. The problem with this argument is that Rawls's lawyer learned of this juror's statement outside the courthouse after the verdict was returned and the jury was discharged. *See* Mot. for New Trial, Doc. No. 149; Br. Supp. 2255 Mot. at 14–15, Doc. No. 214. By then, the time

to request a jury poll had passed. *See* Fed. R. Crim. P. 31(d) (requests for jury polling must be made after a verdict is returned but before the jury is discharged). Rawls's lawyer cannot be found ineffective for failing to request a jury poll when he did not learn of a reason to do so until it was too late. Further, Rawls's lawyer filed a motion for a new trial alleging juror misconduct after hearing the juror's claims, and Rawls simply cannot show this response constitutes deficient performance. *See* Doc. No. 149.

### 9. Failure to Object to Improper Jury Instructions

Rawls's argument that his lawyer was ineffective for failing to file a motion claiming that the jury instructions were improper "as to the quantity and type" is rejected because nothing indicates that such an objection was warranted or would have affected the outcome of the trial. Br. Supp. 2255 Mot. at 2; *see also Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations do not rebut presumption of lawyer's competent representation); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specific facts, are not sufficient to state an ineffective assistance of counsel claim).

### 10. Failure to Object to Sentencing Enhancement

Rawls's argument that his lawyer should have objected to the use of his prior conviction for possession with intent to distribute cocaine for sentence enhancement purposes is denied because the enhancement was proper, and his lawyer was not deficient for failing to raise frivolous arguments. *See* 28 U.S.C. § 841(a)–(b); *Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991) (failure to raise frivolous arguments does not constitute ineffective

assistance of counsel).

### 11. Failure to Object to Interpretation of Presentence Investigation Report

Rawls's argument that his lawyer should have objected to misinterpretations in his presentence investigation report is rejected because he has not explained what the misinterpretations were or how they prejudiced him. *See Champion v. United States*, 319 Fed. App'x 443, 446–447 (8th Cir. 2009). Accordingly, Rawls fails to show deficient performance or prejudice.

### 12. Failure to Object to Sentence under "Apprendi" and "Alleyne"

Rawls's argument that his lawyer should have argued that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 570 U.S. 99 (2013) is denied. *Apprendi* is not relevant to Rawls's sentencing because judicial consideration of prior convictions at sentencing was expressly excluded from that case's holding. *See Apprendi*, 530 U.S. at 490 (other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). *Alleyne* does not apply here either because Rawls's prior conviction was not an "element" of the offense with which he was charged, and it therefore did not have to be submitted to the jury. *See Alleyne*, 570 U.S. at 114–16 (the essential inquiry is whether a fact is an element of the crime—not whether the fact is considered at sentencing) (cleaned up). Rawls's lawyer was not deficient for failing to raise baseless arguments.

*13. Failure to File Motion to Exclude Government Witness Testimony*

Rawls's argument that his lawyer should have moved to exclude the testimony of Kevion L. Littlejohn, Shonquelous V. Burnett, and Monty Cooney is denied because his lawyer had no basis to argue that this testimony should be excluded. Rawls appears to claim his lawyer was ineffective for failing to argue that introducing the testimony of Littlejohn, Burnett, and Cooney violated his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). *See* Supp. at 1–2. This argument fails because *Miranda* only applies to a defendant's own self-incriminating statements—not those of his co-defendants or coconspirators. Rawls's reliance on *United States v. De La Cruz*, 787 F.3d 61 (1st Cir. 2015) is misguided because that case concerned a failure by the defendant's lawyer to file a motion to suppress the defendant's own self-incriminating statements following a likely unlawful arrest—not the statements of his co-defendants or coconspirators. Accordingly, these arguments are rejected.

*14. Failure to Request Prior Statements Under the Jenks Act*

Rawls's argument that his lawyer should have requested prior statements of government witnesses pursuant to the Jenks Act is rejected because he cannot show that the failure to do so constituted deficient performance or that this would have made any difference in the outcome of his trial.

*15. Failure to Object on Grounds that Jury Verdict was not Unanimous*

Rawls's argument that his lawyer was ineffective for failing to argue that the jury's verdict was not unanimous, as required by *Ramos v. Louisiana*, 590 U.S. 83 (2020), is denied because the jury's verdict was unanimous.

*16. Affidavit of Josephine James*

Josephine James's affidavit will not be considered because the Federal Rules of Evidence prohibit consideration of testimony regarding "any juror's mental processes concerning the verdict," except in specific circumstances not present here. Fed. R. Evid. 606(b).

*17. Failure to Cross-Examine Stephen Briggs*

Rawls's argument that his lawyer should have cross-examined Stephen Briggs is denied because the record indicates that this did not prejudice him. The evidence against Rawls was overwhelming, and he cannot show that cross-examination of Briggs would have affected the outcome of the trial. *See Reed v. United States,* 106 F.3d 231, 236 (8th Cir. 1997) (even in cases where counsel should have cross-examined a witness, there is no ineffective assistance claim if the defendant cannot show prejudice).

*18. Constructive Denial of Counsel*

Rawls's argument that his lawyer's failure to meet with him "over a course of 20 months" until "three days of the commencement of the jury trial," in combination with all of his other allegations amounts to constructive denial of counsel is denied. First, the bare allegation that Rawls's lawyer did not meet with him until three days before the trial began is not sufficient to state a claim for ineffective assistance of counsel because Rawls provides no supporting facts to show that a meeting was warranted or that this prejudiced his case. *See United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (finding lawyer's communication insufficient when he refused to return forty phone calls, failed to show up

to two meetings with the petitoner's wife, and did not return petitioner's files when he requested them); *Holland v. Florida*, 560 U.S. 631, 652 (2010) (finding lawyer's communication insufficient when he "failed to communicate with his client over a period of years," despite client's repeated requests to respond). Second, Rawls's constructive denial of counsel claim is denied because all grounds on which he seeks to establish this claim have been rejected and he fails to show that his lawyer was not present at any critical stages of his trial or that he "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *See Neels v. Fluke*, 109 F.4th 1021, 1031 (8th Cir. 2024) (citing *Garza v. Idaho*, 586 U.S. 232, 237 (2019)).

      B.     Prosecutorial Misconduct

Rawls's prosecutorial misconduct claim is denied. Prosecutorial misconduct claims require a defendant to show that the government's conduct was improper or affected his substantial rights. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015). Rawls first claims that the prosecution's use of a "rat in a box" analogy improperly prejudiced the jury. Rawls also argues that the government improperly vouched for the credibility of its witnesses and expressed personal beliefs regarding their testimony. To support his argument, Rawls points to several government statements, such as, "you don't have to believe that [Rawls] was selling . . . drugs just because [the witness] said so," and "[the witness] is believable because his testimony is corroborated by the surveillance and text messages and the wire communications." *See* Supp. to Mot. 5–7, Trial Tr. 233:6–7; 235:1–2, Doc. No. 183.

First, the claim is procedurally defaulted because it was not raised on direct appeal.

10

*See Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). Second, the record does not support Rawls's claim. The prosecution used a cat and mouse analogy during jury selection to explain the common sense reasoning that the jury may use to draw conclusions from circumstantial evidence—not to imply that Rawls is rat. Nothing about the prosecution's analogy was improper and Rawls's argument that his lawyer was ineffective for failing to object to it is denied.

Second, the government has a right to argue to the jury that it should find the government's witnesses credible. This is especially true when "the government base[s] its credibility assessment on the witnesses's demeanor at trial, [and] not on any special knowledge," and when no personal opinions regarding witness credibility are expressed. *United States v. Bentley*, 561 F.3d 803, 813 (8th Cir. 2009); *see also Bass v. United States*, 655 F.3d 758, 761 (8th Cir. 2011).

Third, even if Rawls was able to show that the government engaged in improper conduct, nothing in the record shows that his rights were affected by that conduct. This is true because the jury was instructed that "statements, arguments, questions, and comments by the lawyers representing the parties are not evidence" and this "alleviate[s] any risk of unfair prejudice." *See* Jury Instructions at 4, Doc. No. 145; *United States v. Mullins*, 446 F.3d 750, 762 (8th Cir. 2006) (citing *United States v. Robinson*, 110 F.3d 1326–1327 (8th Cir. 1997)).

## IV. CONCLUSION

For these reasons, Rawls's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied. There is no need to conduct an evidentiary

hearing because the record conclusively shows that Rawls is not entitled to relief. *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted). Further, no certificate of appealability is issued because Rawls has not made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2).

    IT IS SO ORDERED this 7th day of November, 2025.

                                                        */s/ Brian S. Miller*
                                              UNITED STATES DISTRICT JUDGE